**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 9 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MICHAEL HAILEY,

     Defendant-Appellant.

No. 01-5036
(D.C. No. 92-CR-121-B)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **TACHA** , Chief Judge,  **PORFILIO** , and **ANDERSON** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Michael Hailey, proceeding pro se, appeals from an order of the district court denying his motion for a speedy trial or dismissal of the federal charges pending against him. We dismiss the appeal for lack of jurisdiction.

Hailey is currently serving a state court sentence. In 1993, he was sentenced in federal court to twenty-four months' imprisonment with three years' supervised release. Hailey served the twenty-four month portion of his federal sentence and was then transferred to state custody for service of his state sentence. Later, he was placed on a pre-parole release status on his state charges. As he, apparently, was no longer physically confined by the Oklahoma Department of Corrections while on this status, he commenced the three-year supervised release portion of his federal sentence at the same time. Approximately two years later, Hailey committed another state crime. His pre-parole status was revoked and he was returned to state custody. The United States Probation Office filed a petition to revoke his supervised release. A warrant was issued based on the petition and a detainer was lodged with state officials. The detainer has been in place since 1998.

The district court denied Hailey's motion holding that the Speedy Trial Act does not apply as Hailey is not awaiting trial on the federal charges, but has already been convicted and sentenced. The court also held that he is not entitled to relief under Fed. R. Crim. P. 32.1(a)(2) as that rule does not apply until the

parolee is taken into custody on the parole violation. The court held that issuance of a detainer does not trigger the protections of the rule.

The district court's order is not a final order but, rather, is interlocutory. Thus, we lack jurisdiction to review it. We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, id. § 1292; Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949). The order Mr. Hailey wishes to appeal is neither a final order nor an appealable interlocutory or collateral order. Cf. United States v. Hunnewell, 855 F.2d 1, 1 (1st Cir. 1988) (holding district court's interlocutory denial of motion to dismiss for violation of the Interstate Agreement on Detainers Act is not final appealable order); United States v. Cejas, 817 F.2d 595, 596 (9th Cir. 1987) (holding court did not have jurisdiction to review denial of motion to dismiss indictment for violation of the Interstate Agreement on Detainers Act).

Appeal DISMISSED for lack of jurisdiction. Hailey's motion to proceed in forma pauperis on appeal is DENIED. Hailey's prison account reveals sufficient

funds to pay the filing fee immediately rather than on the delayed payment

schedule provided for in 28 U.S.C. § 1915(b)(1).

Entered for the Court

John C. Porfilio
Circuit Judge